**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4715**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAIME PADRON-YANEZ,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior
District Judge.  (8:08-cr-00628-GRA-15)

Submitted:  May 18, 2011                Decided:  June 2, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bruce A. Byrholdt, CHAPMAN, BYRHOLDT & YON, Anderson, South
Carolina, for Appellant.  Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Padron-Yanez appeals his judgment after pleading guilty to using a communication facility to facilitate the commission of a felony under the Controlled Substances Act in violation of 21 U.S.C. § 843(b) (2006), and operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 2, 1960 (2006).[*] Padron-Yanez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal, but raising the issue of whether Padron-Yanez was denied the right to confront witnesses under the Confrontation Clause when the district court permitted the Government to present an agent's hearsay testimony at sentencing. Padron-Yanez has filed a pro se supplemental brief raising the additional issue of whether his attorney was ineffective. We affirm.

Hearsay is permitted at sentencing. See Fed. R. Evid. 1101(d)(3); United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998). Moreover, the Confrontation Clause does not apply at sentencing proceedings. United States v. Powell, __ F.3d __, 2011 WL 1797893, *1 (4th Cir. May 12, 2011). Finally, we may not address Padron-Yanez's allegation that his attorney was

---

[*] We note that the criminal judgment contains a clerical error in its statutory citation for the second count. The error may be corrected at any time under Fed. R. Crim. P. 36.

ineffective on direct appeal, because such ineffectiveness does not conclusively appear from the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED